**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **CHURCH MUTUAL INSURANCE COMPANY** <br> *Plaintiff*, | § § § § | |
| **v.** | § § | CIVIL ACTION NO. 1:19-CV-000020 |
| **FIRST MISSIONARY BAPTIST CHURCH OF ROSCOE** <br> *Defendant.* | § § § § | |

**CHURCH MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, **CHURCH MUTUAL INSURANCE COMPANY** ("Church Mutual") and submits this Original Complaint for Declaratory Relief against **FIRST MISSIONARY BAPTIST CHURCH OF ROSCOE** ("First Missionary") seeking a declaration regarding the applicability of a policy of insurance to the appraisal of a claim for purportedly covered damages filed by First Missionary, and in support thereof would respectfully show as follows:

### I. PARTIES

1. **CHURCH MUTUAL INSURANCE COMPANY** ("Church Mutual") is a foreign fire and casualty insurer doing business in the State of Texas, organized in and pursuant to the laws of the State of Wisconsin with its principal business offices located at **3000 Schuster Lane, Merrill, Wisconsin 54452**.

2. **FIRST MISSIONARY BAPTIST CHURCH** OF ROSCOE ("First Missionary") is a non-profit charitable organization organized in and pursuant to the laws of the State of Texas and operating at **901 County Road 154 Roscoe, Nolan County, Texas 79545-3411**. Service of

process on First Missionary can be had by delivery to its registered agent for service of process, **Daylon Althof** at that address.

3. Complete diversity of citizenship exists between the parties.

## II. JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as follows: (1) because Plaintiff is a citizen of the State of Wisconsin and Defendant is a citizen of the State of Texas, complete diversity of citizenship exists between the parties; and (2) the nature of the damages in the underlying claim as alleged by First Missionary is greater than $75,000.00, meaning that this action satisfies the "amount in controversy" requirement of 28 U.S.C. § 1332.

5. This Court also possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 2201 ("Declaratory Judgment Act") as Church Mutual seeks a declaration of the rights and obligations of the parties under the appraisal provisions of a policy of insurance issued by Church Mutual to Mesquite Bible.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the property serving as the basis for this dispute is situated in the Northern District of Texas, Dallas Division.

## III. BACKGROUND FACTS

7. Church Mutual issued Policy No. 0138539-02-796822 (the "Policy")[1] to First Missionary providing property coverage for its facility located at 401 Main Street, Roscoe, Texas 79545-3015 (the "Property").

---

1 ----- *See* Exhibit 'A'.

8. The appraisal provision giving rise to and controlling the scope and procedure of the appraisal at issue in this matter is found under the PROPERTY CONDITIONS provisions of the Policy, in Section C. ("LOSS CONDITIONS"), paragraph 2 ("Appraisal"), and (as modified by Endorsement A 176.1 (05-13) entitled "TEXAS CHANGES") reads, in relevant part, as follows:[2]

**PROPERTY CONDITIONS**

. . .

**C. LOSS CONDITIONS**

. . .

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, **each party will select a competent and impartial appraiser** and notify the other of the appraiser selected within twenty (20) days of such demand. The two appraisers will select an umpire. If they cannot agree within fifteen (15) days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

**a.** You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Property Condition; and

**b.** We will still retain our right to deny the claim.

. . .

---

[2] ----- *See* Exhibit 'A'. The relevant language is presented at p. A-01 as amended by the "TEXAS CHANGES endorsement found at A-08 (emphasis is added).

. . .

9.     On May 18, 2017, First Missionary submitted a claim for damage purportedly resulting from a hail / windstorm event reportedly occurring on May 17, 2017. Following adjustment of the claim, a dispute between the parties arose regarding the amount of loss, prompting First Missionary to invoke the appraisal provision of the Policy. First Missionary nominated its Eric Hoffman as its appraiser, Church Mutual nominated Danny Brown, and the 32nd Judicial District Court of Nolan County, Texas appointed Todd Bilbrey to act as umpire.

10.     The appraisal proceeded and on July 3, 2018, Bilbrey and Hoffman entered an agreed "Appraisal of Insurance Claim – Award Form" ("Award Form")[3] setting the "RC Amount of Loss" at $293,221.01 and the "ACV Amount of Loss" at $239,388.62. The Award advised that the "[a]mounts awarded and payment of same are subject to reduction for amounts previously paid, any applicable deductibles, policy limitations, and/or exclusionary provisions." Church Mutual issued payment following the award of $102,141.49.[4]

11.     Bilbrey submitted a Bill for "Property Appraisal Service" (the "Invoice")[5] to the parties totaling $4,744.62. Following receipt of Bilbrey's invoice, Church Mutual realized that Bilbrey's fee was calculated almost entirely[6] as a percentage of the RCV Loss value assigned by the appraisal. Notably, $4,398.32 of Bilbrey's $4,744.62 fee was calculated by taking 1.5% of the RC Amount of Loss of $293,221.01.

---

[3] ----- *See* Exhibit 'B'.

[4] ----- This figure was reached by reducing the ACV Amount of Loss of $239,388.62 by prior payments and applicable deductibles pursuant to the provisions of the Policy and as set out in the language of the Appraisal Award.

[5] ----- *See* Exhibit 'C'.

[6] ----- Nearly 93% of Bilbrey's $4,744.62 fee was comprised of the $4,398.32 percentage of the RCV award; the remaining $346.30 was made up of a $250.00 "Administrative Fee" and a travel reimbursement of $96.30.

## IV. REQUEST FOR DECLARATORY RELIEF

12. Church Mutual seeks a declaration from this Court of the rights and obligations of the parties under the terms of the Policy as it pertains to the Appraisal provisions.

13. Specifically, Church Mutual avers that the umpire, Bilbrey, by seeking payment for his services as an umpire that was calculated based on a percentage of the Appraisal Award generated for himself a personal financial interest in the outcome of the appraisal. By virtue of Bilbrey's pecuniary interest in the appraisal process, Church Mutual maintains that Bilbrey exceeded the scope of the terms of the Policy as they relate to the appraisal process. Notably, the Policy requires that the appraisers conducting the appraisal be "competent and impartial;" however, Bilbrey's financial interest in the outcome establishes that, by definition, Bilbrey was not and could not be "impartial."

14. Church Mutual seeks the following declarations from this Court:

   a. That because Bilbrey was not "impartial," he exceeded the scope of his authority to act as umpire under the Policy;

   b. That because Bilbrey exceeded the scope of his authority to act as umpire under the Policy, the Appraisal Award he generated and co-executed with First Missionary's appraiser, Eric Hoffman, is invalid as also beyond the scope of the Policy;

   c. That because Bilbrey exceeded the scope of his authority under the Policy, he should be stricken as umpire for the appraisal of the Claim;

   d. That because Bilbrey exceeded the scope of his authority under the Policy, the Appraisal Award should be set aside as void; and

  e. That, because the Appraisal Award is void, First Missionary should return to Church Mutual the monies tendered by Church Mutual pursuant to the Appraisal Award.

15. In addition to the foregoing, Church Mutual respectfully requests that this Court appoint a replacement umpire charged with conducting the appraisal within the scope of the terms of the Policy.

### V. SUPPORTING AUTHORITY

16. The appraisal process requires that both appraisers and the umpire selected or appointed be disinterested and objective. However, the umpire in this case is not disinterested as a matter of law; because the fee he earned for acting as umpire in this matter was calculated as a percentage of the total award, he possessed a pecuniary interest in the outcome of the appraisal. Because the umpire was not "disinterested," he should be stricken and the appraisal award set aside in this matter.

17. The umpire in this matter exceeded the scope of his authority as umpire because he failed to comply with the terms of the policy governing the appraisal process requiring appraisers to be "competent and impartial".

*<u>Appraisal Umpire Must be Impartial and Disinterested</u>*

18. It has long been the law in Texas that possession of a financial interest in the outcome of a matter is *de facto* evidence of bias. For example, the Texas Constitution expressly holds that no judge may sit in any case "wherein he may be [financially] interested." TEX. CONST. ART. V, § 11. Possessing a direct financial interest in the outcome of a case (such as stock ownership in a company that is a party to litigation) disqualifies a judge from presiding over that

case. *See*, *Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex. 1979) ("It is a settled principle of law that the interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuniary or personal interest in the result of the case presented to the judge or court.") (*citing Sun Oil Co. v. Whitaker*, 483 S.W.2d 808, 823 (Tex.1972) and *Hidalgo County Water Improvement Dist. No. 2 v. Blalock*, 157 Tex. 206, 301 S.W.2d 593 (1957).

19. It therefore naturally follows that Texas law holds that an appraiser or umpire possessing a financial interest in the outcome of the appraisal establishes bias. *See*, *General Star Indem. Co. v. Creek Vill. Apartments Phase V, Inc.*, 152 S.W.3d 733, 737 (Tex. App.–Houston [14th Dist.] 2004, no pet.) ("An appraiser with a financial interest in the outcome of the appraisal is not impartial."); *also*, *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (in finding that an appraiser was impartial, the court noted that he possessed no financial interest in the claim).

20. Texas law regarding the necessity and impartiality in appraisal is longstanding. The Fifth Circuit[7] addressed this issue eighty-five years ago when it held that the agreement authorizing appraisal found in the policy required submitting the matter to "disinterested appraisers." The Texas Supreme Court, in *Delaware U. & W. Ins. Co. v. Brock*, 109 Tex. 425, 211 S.W. 779 (1919), held that "disinterested", along with requiring "the appraiser to be not biased or prejudiced," required a "lack of pecuniary interest." *Id.* at 430; *see also*, *Pennsylvania Fire Ins. Co. v. W. T. Waggoner Estate*, 41 S.W.2d 340, 343 (Tex. Civ. App. 1929, no writ) (holding that an appraiser had to be without a pecuniary interest – as well as prejudice or bias – to be "disinterested").

---

7 ----- *See*, *Phoenix Assurance Co., Ltd. v. Davis*, 67 F.2d 824, 825 (5th Cir. 1933).

21. More recently, Texas courts have repeatedly held that an appraiser with a direct financial interest in the outcome of an appraisal is not disinterested. *See*, *i.e.*, *General Star Indem. Co.*, 152 S.W.3d at 737 (citing *Brock*, 211 S.W. at 780-81; *also*, *Gardner*, 76 S.W.3d at 143 (appraiser's lack of financial interest in the claim was one factor in determining the appraiser impartial)); *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (evidence of a financial interest in the claim can serve as summary judgment proof of appraiser's bias).

22. As the Honorable U.S. Magistrate Judge Jeff Kaplan noted in his memorandum opinion and order granting summary judgment in *Bunting v. State Farm Lloyds*,[8] the holding that a financial interest defeats impartiality is consistent with holdings of courts across the nation, which consistently have held that an appraiser with a financial interest in the outcome of the appraisal cannot be "disinterested" or "independent". Judge Kaplan further noted that "[m]ost courts hold that an appraiser is 'independent' unless he has a direct, pecuniary interest in the outcome of the appraisal," citing examples of holdings from Pennsylvania,[9] Iowa,[10] and Michigan,[11] as well as Texas.[12] Likewise, the Honorable U.S. District Judge Jane Boyle (in an order denying a motion to strike an appraiser) noted that "relevant evidence [of an appraiser's partiality or personal interest] may include evidence that … the appraiser had a financial interest in the particular claim at issue …." *See*, *Devonshire Real Estate & Asset Mgmt.*, *LP v. American*

---

8 ----- No. 3:98-CV-2490-BD, 2000 U.S. Dist. LEXIS 1674 (N.D. Tex. Feb. 15, 2000).

9 ------ *Land v. State Farm Mutual Insurance Co.*, 410 Pa. Super. 579, 600 A.2d 605, 607 (Pa. Super. Ct. 1991).

10 ---- *Central Life Ins. Co. v. Aetna Cas. & Surety Co.*, 466 N.W.2d 257, 261-62 (Iowa 1991).

11 ---- *Northern Assurance Co.*, *Ltd.*, *of London v. Melinsky*, 237 Mich. 665, 213 N.W. 70, 71 (Mich. 1927).

12 ---- *Holt v. State Farm Lloyds*, 1999 U.S. Dist. LEXIS 6257, No. 3:98-CV-1076-R (N.D. Tex. April 21, 1999).

*Ins. Co.* No. 3:12-CV-2199-B, 2013 U.S. Dist. LEXIS 194668 at *5 (N.D. Tex. May 30, 2013) (citing *Gardner*, 76 S.W.3d at 143).

23. It is axiomatic that, to the extent the appraisers must themselves be impartial and disinterested, so must the individual selected to settle a disagreement between them be equally disinterested. In his Order appointing an umpire in *U.S. Pecan Trading Co. v. General Ins. Co. of Am*,[13] the Honorable U.S. District Judge David Briones succinctly stated the importance of an impartial umpire when he held that "[a]n umpire acts as a third appraiser, determining the value of items about which appraisers disagree.[14] Accordingly, the independence of the umpire is of utmost importance."[15]

24. The umpire in this matter, Todd Bilbrey, is not "disinterested." The vast bulk of his fee (nearly 93%) for services related to this appraisal is tied directly to the total appraisal award; as established by his invoice, Bilbrey's "Property Appraisal Service" fee was calculated by taking 1.50% of the $293,221.01 appraisal award. Because he possessed a direct financial interest in the outcome of the appraisal, Bilbrey is not disinterested and must be stricken as the umpire in this matter.

### *Umpire's Bias Necessitates Setting Aside Appraisal Award*

25. Evidence of umpire or appraiser bias or partiality necessitates setting aside the appraisal award. *St. Paul Fire & Marine Ins. Co. v. Tire Clearing House*, *Inc.*, 58 F.2d 610, 613

---

[13] ---- No. EP-08-CV-347-DB, 2009 U.S. District LEXIS 57730 (W.D. Tex. May 29, 2009).

[14] ---- *Id.* citing *Providence Lloyds Ins. Co. v. Crystal City Ind. Sch. Dist.*, 877 S.W.2d 872, 876 (Tex. App.–San Antonio 1994, no writ).

[15] ---- *Id.*

9

(8th Cir. 1932); *MLCSV10 v. Stateside Enters.*, *Inc.*, 866 F.Supp.2d 691, 708 n.6 (S.D. Tex. Mar. 30, 2012). ("[A] finding that appraisers were biased would require setting aside the entire award."); *Navarro v. State Farm Lloyds*, No. 7:14-CV-372, 2015 U.S. Dist. LEXIS 182845 at *19-20 (S.D. Tex. May 4, 2015) ("[i]t is clear that a finding that the umpire was partial or biased would require setting aside the entire award."). Setting aside the appraisal award is particularly necessary in a case such as this, where the umpire's bias is established by the presence of his pecuniary interest in the outcome. *See*, *General Star Indem.*, 152 S.W.3d at 737 ("[t]he appointment of an umpire with a concealed pecuniary interest in the outcome is a sufficient ground for voiding the award as a matter of law without a showing of prejudice." (citing *Central Life Ins. Co. v. Aetna Cas. & Surety Co.*, 466 N.W.2d 257, 261-62 (Iowa 1991)).

26.     Texas law recognizes three situations in which a court may set aside an appraisal award: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy. *See*, *Franco*, 154 S.W.3d at 786. The entry of an award by a biased or partial umpire is made without authority and in contravention of the requirements of the policy. *See*, *Navarro,* 2015 U.S. Dist. LEXIS 182845 at *13. In this matter, the court can set aside the appraisal award on any of those grounds: (1) because Bilbrey possessed a financial interest in the outcome, he was not impartial and therefore did not possess the authority to enter an appraisal award; (2) because the appraisal was not conducted by "impartial" appraisers, and therefore is not in compliance with

the policy; (3) because the umpire who joined in the award did not disclose his financial interest in the outcome of the appraisal, the award was made "as a result of fraud, accident, or mistake."

### VI.  SUMMARY AND PRAYER FOR RELIEF

27. It is evident on the face of his Invoice that Bilbrey's fee constituted a contingent interest in the appraisal; his personal financial interest eliminated any chance of impartiality in the consideration of the appraisal at issue in this matter. Based on well-settled Texas law, Bilbrey's pecuniary interest in the outcome of the appraisal evinces an irreconcilable bias. Further, even if Bilbrey's personal financial interest could somehow be overlooked, the deleterious impact that Hoffman's barrage of unwarranted challenges of bias and other criticisms and accusations directed at Church Mutual's appraiser along with his unsupported declarations of personal beliefs regarding how appraisals are to be conducted irrevocably taint any presumption that Bilbrey was able to reach an impartial determination. Either scenario necessitates that Bilbrey be disqualified as umpire and that the appraisal award be vacated.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHURCH MUTUAL INSURANCE COMPANY respectfully requests that Defendant, FIRST MISSIONARY BAPTIST CHURCH OF ROSCOE be cited to appear and answer herein and that, on consideration of the evidence, that the court grant Plaintiff the following relief: (1) entry of a declaration that the policy's terms require that an umpire be "competent and impartial" in participating in an appraisal; (2) entry of a declaration that the umpire's pecuniary interest in the outcome of the appraisal demonstrates that he was not – and could not be – "impartial" in the appraisal of this case; (3) entry of an order striking Todd D. Bilbrey as umpire in the appraisal in this action; (4) entry of an order setting aside the Appraisal Award entered by Todd D. Bilbrey and Eric Hoffman; (5) entry of an

order that the Defendant, FIRST MISSIONARY BAPTIST CHURCH OF ROSCOE return to Plaintiff, Church Mutual, the total sum of $102,141.49 paid to Defendant further to the Appraisal Award; (6) entry of an order appointing a competent and impartial umpire to preside over the appraisal of the claim at issue in this matter; and (7) entry of an order abating further proceedings on the claim at issue in this matter pending completion of appraisal with the umpire appointed by this Court. Church Mutual moves for such other further relief as this court deems proper under the circumstances.

Respectfully submitted,

Marc A. Sheiness (Counsel in Charge)
Texas State Bar No. 18187500
Todd F. Newman
Texas State Bar No. 24032906
SHEINESS, GLOVER, & GROSSMAN, L.L.P.
4544 Post Oak Place, Suite 270
Houston, Texas 77027
(713) 374-7005 Telephone
(713) 374-7049 Facsimile
Email: msheiness@hou-law.com
Email: tnewman@hou-law.com

*Attorneys for Plaintiff*,
**CHURCH MUTUAL INSURANCE COMPANY**